## IN THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF OHIO

I, Kristofer White, hereinafter "Affiant," being first duly sworn, hereby depose and state as follows:

## FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE

1.      I am an employee of the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), within the meaning of Section 878(a) of Title 21, United States Code, that is an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code. Affiant is currently a Special Agent (SA) for the DEA, and has been employed with the DEA since March 2010. Affiant had been assigned to the Chicago Field Division, Cartagena Colombia Resident Office, and most recently has been assigned to Cleveland Resident Office in Cleveland, Ohio, since December 2017.

2.      Your Affiant submits this affidavit in support of a criminal complaint charging John Liston with, on or about July 12, 2019, in the Northern District of Ohio, Eastern Division, knowingly possessing with intent to distribute controlled substances, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

3.      On July 12, 2019, Your affiant learned of a commercial carrier with parcel bearing

1

tracking no. 1Z 2E3 379 03 4833 9151 addressed to Judy Gibson, 3175 Caroline Ave, Lorain, OH 44055 to be a suspected drug parcel based on several factors including but not limited to origin, method of mailing, and size.

4.     The subject parcel is further described as brown shipping box, weighing approximately 7 pounds. The subject parcel was mailed on July 08, 2019, from Phoenix, AZ 85008-2497.

5.     The subject mail parcel did not require a signature for delivery. Signature waivers are commonly used on drug parcels so the intended recipients do not have to have contact with the delivery employee and/or law enforcement should the parcel be seized.

6.     Your Affiant made inquiries with Clear, an electronic database that has proven reliable in previous investigations in determining the legitimacy of name, address, and phone number information, and was unable to associate the name Judy Gibson, 3175 Caroline Ave, Lorain, OH 44055.

7.     Your Affiant knows based on his training and experience, that individuals using the U. S. Mails for the purpose of transporting controlled substances will often place fictitious address and/or name information, different variations of their names, names of deceased individuals, or no names at all on these parcels to conceal their true identities from law enforcement should the parcel be seized.

8.     On July 12, 2019, the subject parcel was placed into a lineup containing several blank parcels which emanated no narcotics odors. Narcotic detection canine "Jimmy," handled by Cuyahoga County Sheriff's Detective Anthony Quirino, was allowed to examine the lineup.

2

According to Detective Quirino, Jimmy gave a positive alert on the subject parcel and none of the blank parcels. According to Detective Quirino, this positive alert meant Jimmy detected the odor of an illegal drug emanating from the subject parcel.

9. Detective Quirino has been state-certified as a narcotics canine handler since 2005, and he and narcotics canine Jimmy have worked together since January 2015. Detective Quirino and canine Jimmy were both certified in October 2018 by the Ohio Peace Officers Training Academy (OPOTA) and in October 2018 by the North American Police Working Dog Association (NAPWDA). Detective Quirino and canine Jimmy completed 300 hours of a state-certified training program at Shallow Creek Kennels, Inc., in Sharpsville, Pennsylvania, under Certified Master Trainer John Brannon of the North American Police Work Dog Association (NAPWDA), a nationally organized police work dog association which provides training for dogs and handlers. Detective Quirino has completed a 600 hour Dual Purpose Police K9 Trainer's Course under Certified Master Trainer Brannon of NAPWDA. Canine Jimmy has been trained to detect the presence of the odors of the following controlled substances: marijuana, cocaine, heroin, methamphetamine ("crystal meth"), and/or their derivatives. Prior to handling canine Jimmy, Detective Quirino handled canine Hugo for 9 years, and he and canine Hugo completed 200 hours of a state-certified training program at Excel K-9 Services, Inc., in Lyndhurst, Ohio, under Certified Master Trainer Paul J. Shaughnessy of NAPWDA. Detective Quirino has been trained how to handle a detector canine and read his alerts.

10. On July 12, 2019, Your Affiant obtained and executed federal search warrant 1:19mj9190 on the subject parcel resulting in the recovery of approximately 253.29 grams of cocaine, over 400 grams of marijuana, and 100 fake Percocet 30 pills believed to be fentanyl pills,

and an unknown liquid substance contained in a spray bottle wrapped in plastic.  The cocaine was field tested and showed positive test results for the presence of cocaine.

11.   On July 12, 2019, Agents from the Drug Enforcement Administration (DEA), Detectives from the Lorain Police Narcotics, Elyria Police Narcotics Unit, and Lorain County Sheriffs Drug Task Force, conducted a controlled delivery of the subject parcel containing a representative sample of the cocaine, and marijuana. Prior to the controlled delivery, an electronic monitoring device was placed inside the subject parcel that would notify law enforcement if the parcel was opened. Also inside the parcel was a GPS to assist law enforcement to give the location of the parcel if needed.

12.   On July 12, 2019, an undercover (UC) DEA Task Force Officer (TFO) dressed as, and acting in the capacity of a commercial carrier employee, delivered parcel bearing tracking no. 1Z 2E3 379 03 4833 9151 to the stated delivery address.  The subject parcel was addressed to Judy Gibson, 3175 Caroline Ave, Lorain, OH 44055.  At approximately 1:41 p.m., the UC arrived at the delivery address and parked the delivery minivan on Caroline Ave. With subject parcel in hand, the UC approached the delivery residence which was clearly marked as "3175."  The UC placed the parcel on the front concrete steps, located in front of the residence front door. The UC turned around at which time Liston was observed approaching the front door of the residence. The UC continued to the UC vehicle (UCV) at which time the UC observed Liston entering the front door of the residence.

13.   Prior to the controlled delivery operation, law enforcement officers, identified John Liston associated with the delivery address.  Based on the foregoing, the UC identified Liston as

4

the male who was approaching the residence.  The UC returned to the delivery vehicle and departed the area.

14.   At approximately 1:45 p.m., after the delivery of the subject parcel, surveillance units observed Liston exit the residence and pick up the parcel on the front porch. Surveillance units then observed Liston, carrying the parcel to a black Pontiac Sunfire, bearing Ohio registration HTC-1642. Surveillance then observed Liston enter the Pontiac and departed followed by surveillance units.

15.   At approximately 1:53 p.m., surveillance units were attempting to follow the Pontiac, which was driving at high speeds on side streets within the city of Lorain. Liston was observed checking his surroundings looking in his mirrors, driving to thwart the detection of law enforcement. A traffic stop was then conducted, on the Pontiac, at the intersection of W. 21st St, and Leavitt Rd, in the city of Lorain. Contact was made with Liston, who was placed into custody. Law enforcement then recovered the parcel, located in the rear passenger seat.

16.   Your Affiant and TFO Charles Rowland interviewed Liston. Prior to any questioning, your Affiant identified himself and TFO Rowland at which time your Affiant read Liston his rights per Miranda. Liston stated he understood his rights. Liston was told a package was being delivered to his address, where he was waiting down the street for the package to be delivered. Liston stated he saw the package being delivered, approached the house, and entered his residence after the package was delivered. A short time later, Liston said he left his residence, picked up the package and entered his car. Liston stated he was instructed to go "the house on W. 6th St." and place the package on the rear apartment step, then knock on the door. If nobody answered, Liston stated he

5

was to leave the box on the step and he would be paid later. Liston stated he was to be paid $100.00 for the delivery of the box. When asked if he knew what was inside the box, Liston confirmed that he knew it contained illegal drugs.

17.     Based on the above, your Affiant asserts that there is probable cause to believe that John Liston did on or about July 12, 2019, in the Northern District of Ohio, Eastern Division, knowingly possessing with intent to distribute controlled substances, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Kristofer White
Special Agent
Drug Enforcement Administration

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)



Thomas M. Parker
United States Magistrate Judge
**1:59 PM, Jul 15, 2019**